Pearson, J.
 

 The Justice before whom the prisoner was brought on a warrant for shooting the deceased, stated that he inquired of the prisoner how the facts were ? and (as we understand the record) was about to relate what the prisoner had said on his examination.
 
 “
 
 This evidence being objected to, witness in answer to questions put to him, stated that no promise, threat or inducement of any kind, either of hope or fear was held out to prisoner, and that he voluntarily made the confessions
 
 offered,
 
 His Honor thereupon admitted the evidence, and the witness proceeded to give the confessions and statement of prisoner.”
 

 For this the prisoner excepts. There is error. It was at one time questioned whether parol evidence of what a prisoner said, upon his examination before the committing magistrate, could be given in evidence by the State under any circumstances, on the ground that it Was the duty of the magistrate to put the examination in writing; and the State ought not to take advantage of the neglect of one of its officers. It was decided however, that the requisition upon the magistrate to reduce the examination to writing was only directory, and there was no reason, notwitstanding his neglect of duty, why the State should not have the benefit of confessions -made before him, as well as when they were made
 
 *241
 
 before a third person,
 
 provided it was proven
 
 that the examination had not been taken down in writing ; for in the absence of such proof, the presumption was that the magistrate had done his duty.
 
 State
 
 v.
 
 Erwin,
 
 1 Hay. 113, 1 Leach 309, Poster 255, 296, Roscoe’s Cr. Ev. 60.
 

 In the case now before us, it was not proven that the examination had not been taken down in writing by the magistrate, as it was his duty to do. The objection therefore is fatal, if it is presented by the bill of exceptions.
 

 In reference, to this we have had some difficulty. The evidence was objected to in general terms. The very able and efficient Solicitor, taking it for granted that the ground of objection was the want of proof that the confessions were voluntary, immediately removed that ground of objection) and thereupon his Honor admitted the evidence, without ’adverting to the fact that there was still the ground of objection above referred to. And the question is, was it the duty of the prisoner’s counsel to apprise the Solicitor for the State, or to inform the Court that there was still this ground of objection to the admissibility of the evidence? Or was it the duty of the Solicitor for the State, or of the Court to call upon the prisoner to state his grounds of objection?
 

 As this requisition was not made upon the prisoner’s counsel, we are unable to see any reason why the omission to state the grounds of objection to the evidence, should preclude the prisoner from insisting that he is entitled to a
 
 venire de novo ;
 
 because,
 
 after objection on his part,
 
 evidence was admitted which the law did not authorize upon the state of facts then before the Court.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.